IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEAN LYTLE | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv731 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Sean Lytle, an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

Section 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, at 653. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). In this case, however, petitioner did not

diligently pursue his rights. Further, petitioner's excuses do not amount to exceptional circumstances such as to warrant equitable tolling.

Petitioner does not adequately explain the lengthy delay which occurred before filing his first state habeas application. While petitioner claims his legal materials were destroyed during a cell search in March 2012, he does not contend this delayed work on his habeas petition for a significant length of time. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (brief period of incapacity does not necessarily warrant equitable tolling). Further, petitioner chose to pursue unauthorized motions for rehearing in his state habeas proceedings instead of filing his federal petition. However, a *pro se* prisoner's ignorance of the law of habeas corpus is insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Neither proceeding *pro se*, nor having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstances of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000).

Petitioner has also failed to show that any delay in the filing of his petition due to possible irregularities in the mail procedure were caused by anything other than accident or excusable neglect. Excusable neglect and ignorance of the law do not justify equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Moreover, being on lockdown status for a period of eleven days is not a "rare and exceptional" circumstance of prison life. Petitioner did not diligently pursue his claims in this case. Accordingly, equitable tolling is not warranted, and the petition is barred by limitations.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**. In addition, a certificate of appealability shall not issue. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this the 22nd day of July, 2016.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE