IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEAN LYTLE | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv731 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Christopher Sean Lytle, an inmate at the Neal Unit, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 25, 2016, a final judgment was entered in this action, dismissing the petition as barred by limitations. Petitioner has filed a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59 (docket entry no. 58) and a supplemental motion to alter or amend judgment pursuant to FED. R. CIV. P. 59 (docket entry no. 59).

**Analysis**

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

 (A)  after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

 (B)  after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The judgment in this action was entered on July 25, 2016. Petitioner filed his motions to alter or amend judgment on August 4, 2016 and August 8, 2016. Accordingly, petitioner's motions were timely filed. Pursuant to Rule 4(a)(2) of the Federal Rules of Appellate Procedure, the filing

of a post-judgment Rule 59 motion suspends the finality of the district court's judgment. *See* FED. R. APP. P. 4(a)(2); *Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995).

Petitioner claims he handed his habeas application to a prison official on November 22, 2013 to be mailed to the court. Thus, petitioner contends his petition was filed within the limitations period in accordance with the prison mailbox rule. Petitioner requests relief from the judgment and that prison officials be ordered to produce the mail room and law library logs for the dates from November 18, 2013 through December 5, 2013. Additionally, petitioner requests a determination of his petition on the merits.

After careful consideration of movant's motion, the court is of the opinion that the motions sets forth a meritorious ground warranting relief from the judgment. Accordingly, movant's motions should be granted, and the petition should be returned to the court's active docket for factual development of the limitations issue or further consideration of the petition.

**ORDER**

For the reasons set forth above, movant's motions are meritorious and should be granted. It is therefore,

**ORDERED** that movant's motions to alter or amend judgment are **GRANTED.** The Clerk of Court is **DIRECTED** to reinstate the above-styled action on the court's active docket.

**SIGNED this the 2nd day of September, 2016.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE