IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEAN LYTLE | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv731 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Sean Lytle, an inmate confined at the Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Kimberly C. Priest Johnson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough *de novo* review of all of Petitioner's claims, the Court finds Petitioner has failed to show a violation of his constitutional rights. Additionally, Petitioner has failed to satisfy his burden of proof in rebutting the presumption of correctness afforded the state court's explicit and implicit findings. Further, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that some of his claims were not addressed by the state courts. Additionally, Petitioner argues this Court should apply the exception to statutory deference recognized in *Perillo v. Johnson*, 79 F.3d 441, 446 (5th Cir. 1996). However, federal habeas courts may not assume that any unaddressed federal claim was simply overlooked "because it is not the uniform practice of busy state courts to discuss separately every single claim to which a defendant makes even a passing reference." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

In this case, the Texas Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus without written order. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98; *see also Johnson*, 568 U.S. at 298 (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion). Additionally, federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

When it denied Petitioner's state application without written order, the Court of Criminal Appeals did not limit its review to the findings of the trial court. Therefore, this Court cannot assume that it did not address all of petitioner's claims. Petitioner has failed to satisfy his burden proof regarding his claims asserted in this petition. Accordingly, Petitioner's objections are without merit and should be overruled.

As the magistrate judge observed, section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the State court in federal habeas proceedings if the adjudication "resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Further, a determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Assuming, *arguendo*, that Petitioner's claims were properly presented to the state court and not addressed, the state court's determinations are not entitled to the deference provided by 28 U.S.C. §2254. However, this Court has reviewed all of Petitioner's claims *de novo* and finds that even without the deference afforded under section 2254, Petitioner has failed to demonstrate the denial of a constitutional right.

Additionally, Petitioner complains that counsel was ineffective for failing to object to a witness's testimony regarding his silence after he claims he had been given his *Miranda* warnings. However, as detailed in the Report, Petitioner has failed to show counsel's assistance was unconstitutional. Further, Petitioner has failed to satisfy the "doubly" high deferential standard that must be accorded counsel in the context of § 2254(d). *See Harrington*, 562 U.S. at 105. The question for federal review is not whether the state court decision was incorrect, but whether it was

3

unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Petitioner has failed to satisfy his burden.

This Court has reviewed all of Petitioner's claims and finds the claims are without merit. Petitioner has failed to show the violation of his constitutional rights. Further, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner's grounds for relief should be denied.

Accordingly, it is **ORDERED** that Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A certificate of appealability is **DENIED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this the 4th day of January, 2018.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE